IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SKULL SHAVER, LLC | : <br> : <br> : |
| Plaintiff, | : |
| v. | : Case No. 1:24-cv-10110 |
| MANSCAPED, | : <br> : <br> : |
| Defendant. | : <br> : |

## COMPLAINT

Plaintiff Skull Shaver, LLC ("Plaintiff"), by and through its undersigned counsel, hereby brings this Amended Complaint against Defendant Manscaped, and in support thereof says:

## PARTIES

1. Plaintiff Skull Shaver, LLC is a limited liability company of New Jersey, having its principle place of business at 1503 Glen Avenue, Suite 601, Moorestown, NJ 08057.

2. Skull Shaver owns a portfolio of numerous issued United States patents related to and embodied by various of its successful shaving products. The designs and devices claimed in those patents have changed way consumers view and use handheld electric shaving devices, particularly when shaving curved parts of the body.

3. Before Skull Shaver's inventions, prevailing handheld electric shaver devices were limiting in grip orientation and versatility of use, particularly when shaving hair on curved parts of the body. Most designs incorporated a vertical handle and did not provide the user with firm gripping in order to achieve a consistent and uniform shave over

1

curved portions of the body. Furthermore, prior electric shavers did not fit in the user's hand in a comfortable manner particularly when the shaver was oriented with the grip above the cutter surface, such as when reaching upward to shave the head.

4. Skull Shaver's patents solve these issues, since the shape and design of the shaver housings fits the hand in a comfortable manner, especially when shaving curved parts of the body or when the shaver is held in an orientation where the housing is above the cutter. When the shaver is oriented in this manner, it is then possible to either grip the shaver with two fingers as between the thumb and index finger, or between the index and middle fingers, while resting the remainder of the hand against the skin. This helps the user properly orient and place the cutting surface of the shaver against the skin while being able to feel whether the skin has been sufficiently shaved.

5. Skull Shaver was founded in 2010, and shortly after it began offering the unique and effective electric shavers for sale, its products became a hit. Since then, Skull Shaver has been featured in local and national newspapers, radio stations, websites, and blogs.

6. Defendant Manscaped ("Defendant") is, upon information and belief, a corporate entity organized under the laws of California, located at 10054 Old Grove Road, San Diego, CA 92131.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1338(a) because the cause of action arises under the Patent Laws of the United States and, specifically, 35 U.S.C. §§ 271 and 289.

8. This Court has personal jurisdiction over the Defendant because it is conducting business, marketing its product, and selling its product, in this district.

## ASSERTED PATENTS

9. The patents-at-issue in this action are U.S. Patent Nos. 8,726,528 ("the Utility Patent") and D672,504 ("the Design Patent"), (collectively, the "Patents").

10. On December 11, 2012, the U.S. Patent Office duly and legally issued the Design Patent entitled "Electric Head Shaver." Skull Shaver is the assignee of all right, title, and interest in and to the Design Patent. A true and correct copy of the Design Patent is attached hereto as Exhibit A.

11. On May 20, 2014, the U.S. Patent Office duly and legally issued the Utility Patent entitled "Electric Head Shaver." Skull Shaver is the assignee of all right, title, and interest in and to the Utility Patent. A true and correct copy of the Utility Patent is attached hereto as Exhibit B.

12. The United States International Trade Commission has issued a General Exclusion Order barring the import of products that infrinve upon the patents of Plaintiff Skull Shaver.

## BACKGROUND

13 Skull Shaver is in the business of designing and selling electric shavers in the United States and throughout the world.

14. Defendant has willfully and deliberately infringed the Patents by making, using, selling, and/or offering to sell, or causing others to make, use, sell, and/or offer to sell an electric shaver which it refers to as "The Dome Shaver Pro" or (hereinafter "The Dome Shaver Pro") and which embodies the inventions claimed in the Patents. Photographs of the The Dome Shaver Pro shaver are attached hereto as Exhibit C.

15. Defendant's shavers are relatively inexpensive costing less than $130.00.

## COUNT I

### (Patent Infringement of Utility Patent)

16. Skull Shaver realleges and incorporates by reference the preceding paragraphs of this Complaint.

17. Defendant has directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the Utility Patent by making, using, testing, selling, offering for sale and/or importing into the United States Defendant's The Dome Shaver Pro head shaver pursuant to 35 U.S.C. § 271(a).

18. Defendant's accused electric shaver practices all of the limitations of the Utility Patent. For example, Defendant's accused electric shaver comprises a housing for containing an electrical source and drive-related components, said housing having a length and a width, and said housing further including a bottom; a cutter mechanism located beneath said bottom of said housing and spaced therefrom; a central hub extending from said bottom of said housing to said cutter mechanism and connecting said cutter mechanism to said housing; said cutter mechanism including a cutting surface defining a plane.

19. On information and belief, Defendant's accused electric shavers are available to individuals throughout the United States.

20. Skull Shaver has been damaged as the result of Defendant's infringement. Upon information and belief, Defendant will continue to infringe one or more claims of the Utility Patent unless and until they are enjoined by this Court.

21. Defendant has caused and will continue to cause Skull Shaver irreparable injury and damage by infringing one or more claims of the Utility Patent. Skull Shaver

will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Defendant is enjoined from infringing the claims of the Utility Patent.

## COUNT II

### (Design Patent Infringement)

22. Skull Shaver realleges and incorporates by reference the preceding paragraphs of this Complaint.

23. Although there are some differences in the designs, the overall appearance of the The Dome Shaver Pro shaver is substantially the same as the design in the Patent or is at least a colorable imitation thereof.

24. By way of example, both designs compromise: (1) a housing which contains the battery-operated electrical source and drive components; (2) a central hub extending from under the center of the housing to the cutter mechanism, connecting the two parts; and (3) the cutter mechanism defines a plane.

25. The ordinary observer, seeing the The Dome Shaver Pro shaver, would be deceived into believing that the The Dome Shaver Pro shaver is the same as the patented design.

## PRAYER FOR RELIEF

Wherefore, Plaintiff Skull Shaver respectfully requests that this Court:

A. Enter judgment that Defendant has infringed the Utility patent;

B. Enter judgment that Defendant has infringed the Design patent;

C. Enter an order permanently enjoining the Defendants and their officers, agents, employees, attorneys, and all persons in active concert or participation with any of the foregoing, from infringing the claims of the Asserted Patents;

D. Award Skull Shaver damages in an amount sufficient to compensate it for Defendants' infringement of one or more claims of the Patents, together with prejudgment and post-judgment interest costs, and all other damages permitted under 35 U.S.C. § 284;

E. Perform an accounting of each Defendant's infringing activities through trial and judgment;

F. Treble the damages awarded to Skull Shaver under 35 U.S.C. § 284 by reason of each Defendant's willful infringement of the Patents;

G. Declare this case to be "exceptional" under 35 U.S.C. § 285 and award Skull Shaver its attorneys' fees, expenses, and costs incurred in this action; and

H. Award Skill Shaver such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Skull Shaver hereby demands a trial by jury on all issues so triable.

Dated: October 28, 2024              Respectfully submitted,

*/s/                Ahmed Soliman*
Ahmed M. Soliman, Esq./ I.D. #309115
Soliman & Associates, PC
923 Haddonfield Road, Ste. 300
Cherry Hill, NJ 08002
Tel: (856) 324-8313/Fax: (856) 324-9080
E-mail: *soliman@solimanlegal.com*
Attorney for Plaintiff